Buel v. Dickey.

JOSHUA H. BUEL, PLAINTIFF IN ERROR, v. R. H. DICKEY, DEFENDANT IN ERROR.

1. **Executor's Bond:** SUIT ON. An action on the bond of an executor under the Revised Statutes, commenced prior to September 1, 1873, to recover money claimed to be due on a legacy, was properly brought in the name of the probate judge of the proper county. In such action the consent of the probate judge was necessary.

2. ———. It is not a valid objection to such bond that it runs to "the judge of probate" of the proper county, without personally naming him.

8. ———: PROOF OF ASSETS NOT REQUIRED. Where the bond given by the executor, who is also a residuary legatee, is the one provided for by sec. 165 of the Revised Statutes, conditioned "*to pay all the debts and legacies of the testator*," and no fraud or mistake is alleged to vitiate it, the fact of sufficient assets in the hands of the executor will be conclusively presumed, and the want of them cannot be urged to defeat a recovery on such bond.

ERROR to the district court of Otoe county.

The action was on the 28th day of June, 1873, commenced in the name of R. H. Dickey, probate judge of Otoe county, Nebraska, for the use and benefit of Mary E. Davenport, and in name of Mary E. Davenport, widow and legatee of William Davenport, deceased, against Benjamin M. Davenport, executor of the last will and testament of William Davenport, deceased, and Joshua H. Buel as surety of said executor, and one Mary E. Deweese. Pending the suit Mary E. Davenport died, and her death was suggested to the court September 7, 1874, and leave was granted by the court that J. A. Graves, as executor of plaintiff, deceased, be made party plaintiff in this action. An amended petition was then filed in the name of R. H. Dickey, probate judge of Otoe county, Nebraska, for the use and benefit of S. O. Graves in his capacity as executor of the estate of Mary E. Davenport, deceased, and also in the name of S. O. Graves as executor of Mary E. Davenport, deceased, against Benjamin M. Davenport, executor of the last will and testament of William Davenport, and executor of the estate of William Davenport, deceased, and Joshua H. Buel, surety of the said Benjamin M. Davenport, on the official bond of such executor, and Mary E. Deweese, a

legatee named in the last will of William Davenport, deceased, and was prosecuted for the recovery of a judgment against the said executor, and the said surety for the payment of a legacy to Mary E. Davenport of seven thousand dollars, named in the last will of William Davenport, deceased. Judgment for plaintiff, to which Buel, the surety, took exceptions, and brought the cause here for review.

*George W. Covell* and *C. W. Seymour*, for plaintiff in error.

1. The official bond of B. M. Davenport, as executor of the last will and testament of William Davenport, deceased, did not bind the obligors to pay to R. H. Dickey, as judge of the probate court of Otoe county, Nebraska, and his successor or successors in office, the penalty of the bond, but was drawn to the "judge of the probate court of Otoe county, Nebraska," merely. He was not the trustee of an express trust, because his name was not mentioned in the bond; he was not a person with whom or in whose name a contract was made for the benefit of another; he was not a person expressly authorized by statute to commence an action of this kind; he was not the real party in interest in this action; if he possessed by law, or by provision of statute at any time, the right, authority, or capacity to bring this action, he had, by authorizing Mary E. Davenport to commence and prosecute an action on the official bond of B. M. Davenport, parted with the right or capacity to sue for her use and benefit. Having assigned to her any such supposed right, and authorized her to maintain an action in her own behalf on said bond, he could not thereafter sue in his own name, in his official capacity, for her use and benefit. Gen. Stat., 337, 338.

2. Before any resort can be had to the bond of the executor in the common law courts, or in courts of law, there must have been a citation issued by the probate court of Otoe county, Nebraska, to B. M. Davenport, and the same duly served upon him, to appear before said court and render his account of his executorship, and until this has been done, and he had neglected to render such account, his bond could not have been put in suit by any person interested in the estate, nor would he be liable on his bond for any damage which might accrue to any person interested. Gen. Stat., 332, sec. 285. 3 Redfield on Wills, 94. *Dawes v. Sweet*, 14 Mass., 105. *Newcomb v. Wing*, 3 Pick., 168. *Paine v. Moffit*, 11 Pick., 496. *Dawes v. Head*, 3 Pick., 128. The probate court is the exclusive forum for the settlement in the first instance of all questions affecting faithful administration, and those questions involving that inquiry cannot be drawn into any other tribunal, by means of an action on the administration bond, or in any other mode, unless by appeal from a final decree in that court. *Paine v. Stone*, 10 Pick., .75. *Probate Court v. Vanduzer*, 13 Vt., 135. *Stone v. Peasley*, 28 Vt., 716.

3. Although the bond was conditioned to pay all debts and legacies of William Davenport, the testator, yet, unless it was shown that some assets of the testator came into the hands of B. M. Davenport, as executor of William Davenport, by the evidence offered in chief by the plaintiffs, out of which such debts and legacies could be paid by him, then there was no case made out against the surety on his official bond, and no liability whatever could be fixed upon such surety in the absence of positive testimony to that effect.

4. A bond like this is but the naked promise of the personal representative to pay what the testator has directed by his will to be paid, and " the naked prom-

ise of the personal representative to pay the debts or legacies of the deceased is a mere '*nudum . pactum.*'" (Redfield on Wills, 315.)

*Thomas B. Stevenson* and *M. L. Hayward* (with whom were *Feland & Graves*), for defendant in error.

1.   The execution of the bond in this case binds the executor and his sureties absolutely and unconditionally to the payment of all the legacies made in the will; and therefore an inventory, and, as a sequence, all the preliminary steps required by the statute to be taken for the ascertainment of the amount of the estate and the extent of the executor's liability are superfluous, and not required either by the letter or the reason of the statute.   For it makes no difference whether the estate be sufficient or not; the executor has estopped himself by this bond from any inquiry into that question, and by his own act prevented those interested from having an opportunity of doing so, if any necessity for it existed; and having assumed the risk, he must bear the burden.

2.   The record shows that all the proper steps have been taken at the proper time, that the court competent to act has acted and authorized this action, and that the court competent to render judgment has rendered judgment.   On this account, also, no objection can be well taken, for we think the evidence conclusive that the executor had sufficient assets to pay this and the other legacy, in addition to the funeral expenses and the costs of administration.

In support of these propositions we cite *Bigelow v. Bigelow*, 4 Ohio, 138.   *Kaster v. Pierson*, 27 Iowa, 90. *Stevens v. Hartly*, 13 Ohio State, 525.   *Jones v. Richardson*, 5 Met., 247.   *Colwell v. Alger*, 5 Gray, 67. *Fuller v. McEwen*, 17 Ohio State, 288.

21

LAKE, J.

Observing proper order, the first question to be considered is, whether the action was properly brought in the name of the then probate judge of Otoe county.

As shown by the record, the original petition was filed and summons issued June 28th, 1873. At this time, the bringing of this sort of actions was regulated by certain provisions of the Revised Statutes of 1866, from which we copy—Rev. Stat., p. 122:

"SEC. 314. When it shall appear, on the representation of any person interested in the estate, that the executor or administrator has failed to perform his duty in any other particular than those before specified, the judge of probate may authorize any creditor, next of kin, legatee, or other person aggrieved by such maladministration, to bring an action on the bond."

"SEC. 316. In all suits upon such bonds, the writ and proceedings shall be in the name of the judge of probate; and when the action is brought for the benefit of any particular person as creditor, next of kin, or legatee, as provided in this subdivision, the execution shall express that it is for the use of such creditor, next of kin, or legatee, and in such case the person for whose use the action is brought shall be deemed the plaintiff."

Under these two sections it is manifest that, in order to collect a legacy by action on the bond of an executor, the legatee must be authorized to proceed by the probate judge, and that the suit was properly brought in his name. It is possible, in view of section 643 of the code of civil procedure, that an action by the legatee alone might have been sustained, but it is unnecessary to decide here whether it could or not, it being sufficient to know that this one was properly brought.

The record shows that on the day preceding the commencement of the action, on proper representations, the probate judge made an order as the statute provides, in which it is stated that: " Permission is hereby granted to Mary E. Davenport to bring suit against Benj. M. Davenport, executor of the last will and testament of William Davenport, dec'd, and the surety in the bond of such executor. And the said legatee is authorized to prosecute such bond, and bring suit for the amount due her, being a part of such legacy." The balance due from the executor Dec. 17th, 1870, is found in a previous clause of the order to have been "the sum of six thousand four hundred and ninety-eight and sixty-two-one-hundredths dollars."

The law, it seems, was so changed by the amendatory act of February 25th, 1873, as to require actions of this sort to be brought "in the name of the party authorized to bring the same, or in the name of the guardian of such party;" but, as the amendment did not take effect until September 1st, 1873,* it can have no effect upon the decision of this case, which had then already been commenced. From these considerations it follows that the action was properly commenced in the name of R. H. Dickey, then the probate judge of

---

* NOTE.—This section, with several others of the chapter of the Revised Statutes of 1866, entitled "Decedents," was amended, as stated in the opinion, February 25, 1873, by an act entitled "An act to amend chapter fourteen, part one, of the revised statutes, entitled ' Decedents,' " the concluding section of which reads: "This act shall take effect and be in force from and after the first day of September, 1873." The amendatory sections alone appear in chap. 17, Gen. Stat., 1873, as by an act providing for the publication of that compilation, the commissioner was directed thus: "The said revision and compilation shall also contain proper notes showing when any chapter or section of the Revised Statutes of 1866 may have been amended or repealed; and where the same has been amended, the *amendatory section only* shall be inserted." Gen. Statutes, 1082.—REP.

Otoe county.    The joinder of the legatee in the origi-
nal, and of her executor in the amended petition, as
co-plaintiffs, was unauthorized, but as no objection was
made, and it being at most a mere irregularity, with-
out prejudice, it need not be further noticed.

We now come to the consideration of the bond it-
self.    A proper construction of this, we think, practi-
cally disposes of all remaining objections to the judg-
ment.    This bond, we find, conforms substantially to
the requirement of sec. 165, ch. 14, Rev. Stat. (Gen.
Stat., sec. 165, p. 307), being in these words:

"Know all men by these presents, that we, B. M.
Davenport, of Otoe county, Nebraska, as principal, and
Joshua H. Buel, of the same place, as surety, are held
and firmly bound unto the judge of the probate court
of Otoe county, Nebraska, in the sum of fifteen thou-
sand dollars, good and lawful money of the United
States, to be paid to the said probate judge; for which
payment well and truly to be made, we do bind our-
selves, our heirs, executors, and administrators, jointly
and severally, firmly by these presents.    Sealed with
our seals, dated this 30th day of August, A.D. 1879.

" Whereas the above bounden B. M. Davenport has
been appointed executor of the last will and testament
of William Davenport, deceased.    Now the condition
of the above obligation is such, that if the said B. M.
Davenport shall pay all debts and legacies of the testa-
tor, then the above obligation shall be void, otherwise
to remain in full force and virtue.

(Signed)                          "B. M. DAVENPORT,
                                  "J. H. BUEL.

"Attest:
          "N. S. HARDING."

It was objected to this bond, and to a recovery
thereon—1st. That it " does not comply with the
order of the probate court," which was, " that the said

Benjamin M. Davenport give and execute a good and sufficient bond, to be approved by this court, in the sum of fifteen thousand dollars ($15,000) conditioned for the faithful performance of his trust as such executor." And 2d. "Because it was not drawn or made to the person filling the office of probate judge of Otoe county, Nebraska."

To the first of these objections it may be answered, that a bond with a condition in the language of the order was not authorized by any provision of the statute; and the one given, besides being taken and duly approved by the probate judge, was in exact conformity to the requirement of sec. 165 above referred to. As to the second, all that need be said is, that while it is usual in such bonds to insert the name of the person holding the office of judge at the time, the statute does not require it, nor do we perceive wherein the name could be of the slightest importance whatever. That this, at least, is an exceedingly technical objection will be seen by reference to sec. 164 of the act concerning decedents, by which it is provided that " every executor, before he shall enter upon the execution of his trust, shall give bond to the judge of probate in such reasonable sum as he may direct," etc. There was, we think, a substantial compliance with this provision, and that the bond in question is valid.

But it is further contended that to justify a recovery upon the bond, it was necessary to show that assets had come into the executor's hands which he ought to have applied in payment of the legacy. Even if this were so, it is exceedingly doubtful if the judgment could properly be reversed as being unsupported by the evidence. But in our view of the effect of this bond, we are relieved of the duty of weighing the evidence on the question of the amount of assets received. By the plain language and spirit of the contract, the

obligors, in the absence of fraud or mistake, which would vitiate it, could relieve themselves from liability only by showing payment, the bond itself being conclusive evidence of assets with which to meet the debts and legacies of the testator. Whether he would give this form of bond, or the common one prescribed in the preceding section, was entirely discretionary with the executor himself. By electing to give this one, however, he relieved himself of the duty of returning an inventory of the estate, and deprived the court of all control over his management of the property, which, whether much or little, practically became his own to dispose of as he saw fit. The probate court, it is true, could fix a time within which the payment of debts and legacies should be made, and order it done; but beyond this the court could not go, except upon proper application to authorize forcible collection by suit on the bond. In *Jones v. Richardson*, 5 Met., 247, Chief Justice Shaw, speaking of a statute and bond similar to the ones under consideration, said : "The great question in the case is whether the defendant, being residuary legatee, and having given bond, conditioned to pay all the debts and legacies pursuant to the provisions of the Revised Statutes, 663, secs. 3, 4, can object to want of proof of assets; or rather, whether the production of such a bond from the probate office is not conclusive evidence of assets in the hands of the defendant; and we are strongly inclined to the opinion that it is."

And afterwards in *Colwell et al. v. Alger*, 5 Gray, 67, the same learned judge uses this language: " A residuary legatee and executor, who avails himself of the privilege of giving bond conditioned to pay debts and legacies, and thereby exempts himself from the duty of returning an inventory, thereby conclusively admits assets; if he has the slightest doubt that there is suffi-

cient property to pay all debts and legacies he should give bond in common form."

The rule thus clearly stated is doubtless the correct one, and is entirely applicable to the case before us, where the executor, being the residuary legatee, chose to give this form of bond, rather than the one by which he would have been required to make a return under oath of all the property of the testator coming into his hands, and to have accounted to the probate court for the proceeds of the sale thereof.

By both reason and authority we are led to the conclusion that, by a proper construction of the bond in question, it was not necessary to prove assets in the hands of the executor, and consequently that there was no error in this particular. The judgment must be affirmed.

JUDGMENT AFFIRMED.